■ In the Matter of the Claim of FREIDA ALBER, Respondent, v. SAUL C. TOBIN et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal by the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law from a decision of the Workmen's Compensation Board, filed August 14, 1968, which determined that said Special Fund was not entitled

*to* credit for a rescinded schedule award paid by carrier to claimant more than two years prior to the reopening of the claim. On December 2, 1958 claimant sustained an occupational injury to the femur of her left leg and her case was closed on a Referee's schedule award of 50% permanent partial disability to said leg, running from the date of injury to December 12, 1961. Based upon a physician's report that claimant had developed an aseptic necrosis of the head of her left femur, the board restored the case on September 22, 1966, followed by a Referee's decision rescinding the schedule award, finding claimant permanently partially disabled, making an award from December 2, 1958 to December 19, 1967, deciding that the case was the responsibility of Special Fund as of September 22, 1964 and allowing Special Fund a credit for the schedule award paid by carrier. The board modified said decision to the extent of reversing the finding as to said credit. Since the payment by carrier was for a period prior to the two-year retroactive period provided under section 25-a of the Workmen's Compensation Law and prior to the date when Special Fund became liable, the latter is not entitled to credit for said payment (*Matter of Basso* v. *Woolworth Co.*, 24 A D 2d 687; *Matter of Schneider* v. *Bruckner Beverages*, 23 A D 2d 512, mot. for lv. to app. den. 15 N Y 2d 485). Absent statutory provision to the contrary, Special Fund is not entitled to such a windfall — a credit for payments made by another and during a period for which the Fund was not liable, in this instance by carrier more than four years prior to the reopening. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.