In the Matter of the Claim of EUGENE SCALESSE, Respondent, *v.* PRINTING ADVERTISING CORP. ENTERPRISES PRINTING DIVISION et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 27, 1971.

*Herbert Lasky (Joseph F. Manes* of counsel), for appellants.

*George Cholet (James P. Lynch* of counsel), for Special Fund, respondent.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder, Ruth Kessler Toch* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Thorner & Siegel* for claimant-respondent.

HERLIHY, P. J.   This is an appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed April 22, 1970, which modified awards made in two separate claims of the claimant so as to discharge the Special Fund For Reopened Cases (Workmen's Compensation Law, § 25-a) from liability and charged the appellants with the same.   The Special Fund was charged with liability by the Referee and it initiated the review before the board which resulted in the decision appealed from.

The facts of accident, notice, causal relationship and the amount of the schedule award are not in issue.

The claimant suffered an injury to a finger of his right hand on May 17, 1960 and to his left hand on December 9, 1960 and duly filed claims for such injuries. Hearings were held on June 29, 1962 and August 1, 1962 at which hearings the claimant did not appear or produce medical evidence of the disability although he was represented by counsel at both hearings, and the Referee closed the cases for failure to produce medical evidence. Medical reports were filed on January 9, 1968 and the board reopened the claims and restored the same to the Referee's calendar. It is apparent that the reopening occurred more than seven years after the happening of the accident and more than three years past the last payment of compensation. (Apparently there were no payments of compensation made in the present claims.)

Before the board the appellants and the Special Fund contended that the claim should be dismissed because in the absence of tolling, the board could not reopen a claim previously closed without an award where more than seven years had passed from the date of the accident. (See Workmen's Compensation Law, § 123; all statutory references hereinafter are to the Workmen's Compensation Law.) The Special Fund took the further position that the closing of the claims was not intended to be final and, accordingly, liability should have been assessed against the appellants. The board adopted the contention of Special Fund.

In our opinion the consideration of whether or not the claims were outlawed by section 123 is not determinative because the liability should have been charged as a matter of law to the Special Fund and section 25-a specifically provides for the reopening of claims after the period of seven years. Section 25-a provides in part as follows: " 1. Notwithstanding other provisions of this chapter, when an application for compensation is made by an employee &ast; &ast; &ast; and the employer has secured the payment of compensation in accordance with section fifty of this chapter, (1) after a lapse of seven years from the date of the injury or death and claim for compensation previously has been disallowed or claim has been otherwise disposed of without an award of compensation &ast; &ast; &ast; subject to the provisions of section one hundred and twenty-three of this chapter, testimony may be taken, either directly or through a referee *and if an award is made it shall be against the special fund provided by this section.*" (Emphasis supplied.)

As applicable to the above-quoted portions of 25-a, section 123 provides in part as follows: "Nor shall any award of compensation or death benefits be made against the special fund provided in section twenty-five-a of this chapter or against an employer or an insurance carrier where application therefor is made after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation." The application in the present case was made within 18 years from the date of the injury.

In *Matter of Berlinski* v. *Congregation Emanuel of City of N. Y.* (29 A D 2d 1036, 1037) the court noted that it was "the obvious intent of the Legislature to transfer liability for stale claims to the Special Fund". In *Matter of Pizzarello* v. *Town of Harrison, Police Dept.* (31 A D 2d 878, 879) the court noted that as to the liability of Special Fund "the passing of time is under ordinary circumstances the test". Subsequently, in *Matter of Zedler* v. *Ruppert* (33 A D 2d 1088, 1089) the court stated: "The *Berlinski* case emphasized that where the right of the claimant to receive compensation will not be prejudiced, the liability for such compensation will be imposed upon the Special Fund *if the claim for reopening is in fact made after the three and seven year limitations.*" (Emphasis in original. Cf. *Matter of Ammirata* v. *Weidy,* 34 A D 2d 717, 718.)

In certain cases fact patterns may emerge which permit the board to find as a fact that the case was never closed and was merely restored to the Referee calendar. However, the general rule is that liability for those claims which have been noted as closed is to be imposed upon the Special Fund. (See, e.g., *Matter of Stoever* v. *Sheraton Astor W. L. Hotel Operating Co.,* 29 A D 2d 597, 598 — closing — after carrier stopped payments — as a procedural device to force the claimant to submit to an impartial medical examination; *Matter of Scimeni* v. *Welbilt Stove Co.,* 32 A D 2d 364, 367 — claim filed before disablement occurred.) It thus appears that in the present case the board should have first determined whether or not there would be any prejudice to the claimant by imposing liability on the Special Fund before considering whether or not it might be able to treat the claim as one which had never in fact been closed with an intention of finality.

On the question of prejudice to the claimant, section 25-a provides in subdivision 1 that awards made pursuant to the provisions of section 25-a may "not be retroactive for a period of disability * * * longer than the two years immediately

preceding the date of filing of such application ". (Cf. *Matter of Longo* v. *M & F Auto Wreckers,* 4 A D 2d 902.) Since a schedule award is intended to reimburse a claimant for the effect of a permanent partial disability throughout his life, the making of such an award against the Special Fund would not fall within the proscription of awards for periods of disability longer than two years prior to the date of the application for reopening. (See *Matter of Longo* v. *M & F Auto Wreckers, supra; Matter of Kulpa* v. *Alco Prods.,* 10 A D 2d 747, 748, mot. for lv. to app. den. 8 N Y 2d 706.) It should be noted that the alleged mental incompetency of the claimant during the period of time when he did not prosecute his claim would only be relevant as respects the liability of the Special Fund for periods of disability exceeding two years before the application for reopening. (*Matter of Longo* v. *M & F Auto Wreckers, supra; Matter of Kulpa* v. *Alco Prods., supra.*)

Upon the present record it does not appear that the closing of the claim was patently intended to be a mere adjournment or that it was an improper exercise of power and, accordingly, the board erred as a matter of law in imposing liability on the appellants (*Matter of Berlinski* v. *Congregation Emanuel of City of N. Y.,* 29 A D 2d 1036, *supra*).

The decision should be reversed, and matter remitted for further proceedings not inconsistent herewith.

COOKE, J. (dissenting). I vote to affirm the board's decision.

In order to determine if section 25-a of the Workmen's Compensation Law applies, it is first necessary to determine whether the case has been closed. In *Matter of Casey* v. *Hinkle Iron Works* (299 N. Y. 382, 385), the Court of Appeals held that liability may be imposed against the Special Fund " only in a case which has been closed and is reopened by fresh application " and stated: " For the purpose of section 25-a, a case is closed when it has been referred to the abeyance file *because no further proceedings were foreseen*" (emphasis added). Whether in a given case further proceedings were contemplated is a factual issue (*Matter of Stoever* v. *Sheraton Astor W. L. Hotel Operating Co.,* 29 A D 2d 597, 598; *Matter of Abelowitz* v. *Sterling Tool Co.,* 26 A D 2d 875, mot. for lv. to app. den. 19 N Y 2d 577), the mere use of the term " closed " by the Referee not being determinative (*Matter of Diskin* v. *99 Wall St. Corp.,* 279 App. Div. 1103, mot. for lv. to app. den. 304 N. Y. 986).

The time limitations of section 123 do not apply to open cases (*Matter of McCulla* v. *Alco Prods.,* 5 A D 2d 898, 899). Unlike the situation in *McCulla,* the board found here that claimant's

mental condition was a reasonable explanation for the delay in filing the medical reports.

The board's finding that the Referee's action indicated that further action was contemplated and that the cases were not actually closed, being supported by substantial evidence, should not be disturbed.

REYNOLDS, GREENBLOTT and SIMONS, JJ., concur with HERLIHY, P. J.; COOKE, J., dissents and votes to affirm in an opinion.

Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with one bill of costs against respondents Special Fund and Workmen's Compensation Board.