■ In the Matter of the Claim of WALTER SCHEIB, Respondent, v MILTON HERMAN MANAGEMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed October 22, 1981. The sole issue presented for our review is whether the State Superintendent of Insurance, as liquidator of an insolvent carrier, can be held liable for penalties for late payment of compensation pursuant to section 25 (subd 3, par [c]) of the Workers' Compensation Law. Claimant was injured in the course of his employment and filed for benefits on October 26, 1979. Monetary awards were made and the employer's carrier, Cosmopolitan Mutual Insurance Company, was directed to make payments in the amount of $85 per week. Cosmopolitan became insolvent and the Superintendent of Insurance was appointed as liquidator of the carrier. On October 20, 1980, the superintendent filed notice with the board that he intended to reduce the amount of claimant's weekly compensation. After a hearing, the board made an additional award to claimant and directed that payments be continued in the amount of $85 per week. No appeal was taken. After the superintendent defaulted in making the weekly payments, claimant requested a hearing for the purpose of imposing penalties. The board, in affirming a decision of a hearing officer which imposed a penalty of $95 pursuant to the subject section of the Workers' Compensation Law, held that "the insolvency of a carrier does not exempt the liquidators from the penalties under the Workers' Compensation Law". We agree. Section 25 (subd 3, par [c]) of the Workers' Compensation Law mandates the imposition of a penalty payable to the injured worker or his dependents if the employer or his carrier shall fail to make payments according to the terms of an award. Such payments are made out of the Mutual Workers' Compensation Security Fund created for the purpose of insuring compensation to injured employees covered by insolvent mutual carriers (Workers' Compensation Law, § 109-d). While the superintendent concedes that if an award is not timely paid the imposition of the penalty is automatic, he argues that the result should be different when the liquidator defaults in payments. This contention ignores the statutory directive that the superintendent, responsible for administering the security fund (Workers' Compensation Law, § 109-d) has "only all the rights and duties which the insurance carrier would have had with respect to awards * * * if it had not become insolvent" (Workers' Compensation Law, § 109-i). Here, if the carrier had been solvent and tardy in making payments, it would unquestionably be liable for a penalty. Although the superintendent is not the actual carrier, it is clear that he is in the same position as the carrier would have been in had it not become insolvent. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.