OPINION OF THE COURT
Kaye, J.
Among recent amendments to the Workers’ Compensation Law relating to occupational hearing losses is a provision that employees whose disablement and knowledge of disablement occurred prior to October 1, 1980 would have six months from such date to file their claims (L 1980, ch 324). The question presented is whether this provision should have retroactive application. We conclude that the provision applies only to claims which were viable on October 1, 1980, and not to all claims where disablement and knowledge existed prior to October 1, 1980, and we therefore affirm the order of the Appellate Division dismissing the claim for compensation, with costs.
In 1980, the statutory scheme governing compensation claims for occupational hearing losses was altered in several respects. Formerly, an employee seeking compensation for such loss was required to be separated from his job *153 for six months, in order to permit time to ascertain the extent of the loss and allow for possible restoration or improvement of hearing. Chapter 324 of the Laws of 1980 reduced the waiting period to three months, in conformity with new medical knowledge that the degree of hearing loss could be determined in a shorter time, and it also permitted a worker to be removed from exposure to the harmful noise itself, as by ear protection devices, rather than requiring separation from employment. Additionally, the amendment provided for a “date of discovery” exception to the Statute of Limitations; irrespective of the two-year limitations period, claims were timely if brought within 90 days after knowledge that the loss of hearing was due to the nature of the employment. Finally, and most directly pertinent, where disablement and knowledge of an occupational hearing loss occurred prior to October 1, 1980, the amended law, in section 49-bb, for the first time provided that an employee shall have six months from such date to file a claim.
Claimant retired from employment with respondent, Bethlehem Steel Corporation, a self-insured employer, on August 1, 1970. On January 16, 1981 — some IOV2 years later — he filed a claim for compensation for an alleged occupational hearing loss. Bethlehem rejected the claim on the ground, inter alia, that it was not filed within two years from the date of disablement, as required by sections 28 and 40 of the Workers’ Compensation Law in effect at the time of claimant’s retirement. The referee disallowed the claim as time-barred, but was reversed by a divided panel of the Workers’ Compensation Board, appellant herein, on the theory that section 49-bb, as amended by chapter 324 of the Laws of 1980, creates a six-month grace period for filing claims. On this same theory, four other claims against Bethlehem, similarly time-barred under the law in effect at the time of disablement, were allowed by the Board.
Each party contends, with some force, that the amendment to section 49-bb supports its position — the Board relying on what it characterizes as the unambiguous language of the provision,[1] and Bethlehem relying on the *154 allegedly clear intendment of the amendments which, while broadening coverage, contemplated limitations periods which would be defeated by the wholesale retroactive application of the section. What these competing contentions point to is not a ready answer to the question presented, but an ambiguity which must be resolved outside the provision itself.
As a threshold matter, this is not as the Board argues a case in which the court should defer to the construction adopted by the agency administering the statute (see Matter of Howard v Wyman, 28 NY2d 434, 438). Rather, the question is one of statutory analysis dependent only on an accurate apprehension of legislative intent, and there is little reason to accord weight to the Board’s interpretation of the amendment (see Kurcsics v Merchants Mut. Life Ins. Co., 49 NY2d 451, 459).
An amendment will in general have prospective effect only, unless its language indicates that it should receive a contrary interpretation (McKinney’s Cons Laws of NY, Book 1, Statutes, § 52, pp 101-102). The language of the amendment here in issue does not clearly indicate that it should be applied retroactively, nor does examination of the available legislative history offer up any definitive expression that it was intended to have unlimited retrospective application. While contained in the Governor’s Bill Jacket for the amendments are several expressions of alarm that the legislation would expose employers to barred claims, there is countervailing indication that the amendments in toto would engender minimal additional costs to employers and insurers, and that the premium increases, if any, resulting from the entire bill would be insignificant. If the amendment were given unlimited retroactivity as the Board urges, employers would be exposed to the revival of claims that became stale decades ago. It is undisputed by the Board — which is surely in the best position to know — that, in addition to the five claims already allowed, several hundred others, some as old as 30 years, already exist at the Board panel and law judge *155 levels. A retroactive application would thus open the door to hundreds of stale claims the defense of which may, by virtue of the passage of time, now be impossible.
From the absence of clear legislative indication that the statute be applied retrospectively, the potential drastic consequences of such an interpretation, and the balance of the legislative scheme, we are persuaded that the measure should not be given retroactive application (see Matter of Beary v City of Rye, 44 NY2d 398). Subdivision 2 of section 49-ee of the Workers’ Compensation Law, at the time of the amendment in question, provided that “in no event shall any employer * * * be liable for the payment of any claim that would otherwise * * * be barred by any of the limitations contained in sections twenty-eight and forty of this chapter.” In the 1980 amendments, this provision was left undisturbed. Now to give the amended section 49-bb retroactive application, reviving claims that were already barred at the time of its enactment, would require us to ignore the provisions of section 28 of the Workers’ Compensation Law.[2] On the other hand, construing the amendment to section 49-bb to apply only to claims which were viable at October 1, 1980 would give force to both sections of the statute, so that neither need be ignored (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 192; see, also, Minkowitz, Practice Commentary, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law, § 49-bb, 1983-1984 Pocket Part, pp 247-248).
We read the six-month “grace” period for employees whose disablement and knowledge of disablement occurred prior to October 1,1980 as a transitional measure for those with viable claims at October 1,1980, who could by virtue of the amendment otherwise have had their remaining time to file claims reduced even below three months. This *156 interpretation provides a rational explanation for the amendment, it puts section 49-bb in harmony with the remainder of the statute, and it avoids revival of long-barred claims, and is therefore to be preferred in the absence of clear contrary expression from the Legislature.
Accordingly, the order of the Appellate Division should be affirmed, with costs.

. Supporting a conclusion that the language of the provision is not free of ambiguity is the fact that another Board panel in another case, Reinhardt v Buffalo Sheet Metals *154 Workers’ Compensation Bd., applied the same statute to similar facts, and unanimously reached the opposite result.

. Contrary to the view of the dissent (at p 157), the date of discovery exception was made applicable to occupational hearing losses by the 1980 amendment to section 49-bb. While sections 28 and 40 of the Workers’ Compensation Law each previously contained date of discovery limitations periods, these were by their terms limited to certain diseases and occurrences, not including occupational hearing losses generally. (See Memorandum of Sponsor, Governor’s Bill Jacket, L 1980, ch 324; see, also, Minkowitz, Practice Commentary, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law, § 49-bb, 1983-1984 Pocket Part, p 247.) On this appeal, appellant Workers’ Compensation Board explicitly recognizes the inapplicability of the 90-day provision to occupational hearing losses before the 1980 amendment.