■ In the Matter of the Claim of THOMAS DE MAYO, Respondent, v RENSSELAER POLYTECH INSTITUTE et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed June 16, 1987, which directed the Special Fund for Reopened Cases to pay claimant a penalty under Workers' Compensation Law § 25 (former [3] [c]).

Claimant sustained a work-related injury in August 1974 and received workers' compensation benefits until November of that year. In January 1983, the Workers' Compensation Board reopened the case based on a medical report which

indicated that claimant was presently suffering from a disabling condition related to his prior injury. Following a hearing, claimant was awarded a 30% schedule loss of use of his right leg in a decision filed August 6, 1985. This decision was not appealed.

Because the case was reopened over seven years from the date of the accident and more than three years since the last payment of compensation, the Special Fund for Reopened Cases was liable for payment of the award (Workers' Compensation Law § 25-a). The Special Fund sent claimant a check in the amount of the award on August 22, 1985. Claimant received the check a few days later.

Thereafter claimant requested the Board to assess a 20% penalty against the Special Fund based on its failure to pay the award within 10 days as required by Workers' Compensation Law § 25 (former [3] [c]). Following a hearing, the Workers' Compensation Law Judge found that the Special Fund had failed to timely pay the award and directed that the 20% penalty be paid to claimant. The Board affirmed the imposition of the penalty and, after reconsideration by the full Board, adhered to its prior decision upholding the penalty. This appeal by the Special Fund ensued.

On appeal, the Special Fund contends that the Board erred as a matter of law in ruling that the Special Fund was subject to the statutory penalty provision. Workers' Compensation Law § 25 (former [3] [c]) provided that a penalty shall be assessed against "the employer or his insurance carrier" who fails to pay or appeal an award within 10 days. The Special Fund contends that it is clearly not an employer, nor does it fall within the definition of a carrier under Workers' Compensation Law § 2 (12). This omission, according to the Special Fund, evidences that the Legislature intended that the statutory penalty be inapplicable to it.

We disagree. The omission of the Special Fund from the general statutory definition of a carrier does not, in our view, evince any clear legislative intent to immunize it from the obligation to make timely payment of awards for which it is liable. A similar argument was rejected by this court in *Matter of Scheib v Herman Mgt.* (91 AD2d 794, *lv denied* 59 NY2d 606). There, a penalty was assessed against the State Superintendent of Insurance as liquidator of an insolvent insurer. Although the Superintendent argued that the penalty could not be properly imposed because he was literally not a carrier under the statutory definition, this court held that the Superintendent stood in the position of the carrier because, by

law, he succeeded to the rights and duties of the insolvent carrier as administrator of the Mutual Workers' Compensation Security Fund. Similarly here, once, solely by reason of the requisite passage of time, the Special Fund becomes liable for compensation benefits, it succeeds to the procedural rights of the carrier (Workers' Compensation Law § 25-a [2]), and liability shifts entirely from the carrier to the Special Fund *(Matter of Dennett v Dennett Refrig. Equip.,* 38 AD2d 659, 660). Thus, as in *Scheib,* the Board could rationally conclude here that the Special Fund stood in the shoes of the carrier in terms of the obligation to make timely payment of the award. Workers' Compensation Law § 25 (former [3] [c]) and its predecessors embody a strong legislative policy to insure prompt payment of compensation awards to injured workers *(Matter of Hart v Perkins,* 258 NY 61, 65; *Matter of White v New York City Hous. Auth.,* 83 AD2d 707, 708). The interpretation of that section by the Board, the agency entrusted with the responsibility of implementing that policy, is entitled to great weight *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438).

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.