OPINION OF THE COURT
 

 Chief Judge Wachtler.
 

 Thomas De Mayo, the claimant here, injured his right ankle and knee in August of 1974 while he was working for Rensselaer Polytechnic Institute in Troy. The Workers’ Compensation Board (Board) awarded the claimant benefits for the period between August 9, 1974 and November 4, 1974, and in 1982, the case was closed. In January of 1983, however, based on a medical report that indicated that claimant might be suffering from bursitis and that he was neither working nor able to do his usual work, the Board reopened his case. In a decision filed August 6, 1985, the Workers’ Compensation Law Judge awarded the claimant a 30% schedule loss of the use of his right leg. Because the case was reopened more than seven years from the date of the accident and more than three years since the last payment of compensation, the employer’s insurance carrier was discharged and liability for payment of the award shifted to the Special Fund for Reopened Cases (Special Fund) pursuant to section 25-a of the Workers’ Compensation Law. Claimant received his award on August 24, 1985, 18 days after the Board’s decision was filed.
 

 The question presented by this appeal is whether the Special Fund is subject to liability under Workers’ Compensation Law § 25 (3) (former [c]) (now § 25 [3] [d]), which provides for the assessment of a 20% penalty against an employer or insurance carrier that fails to pay or appeal an award within 10 days. Following claimant’s request that the Board assess the statutory penalty, the Workers’ Compensation Law Judge conducted a hearing and determined that the Special Fund was liable to the claimant for the amount of the penalty. A three-member panel of the Board affirmed this determination. The Special Fund applied for appeal of the panel’s determination by the full Board. The full Board rescinded the Board’s earlier decision and referred the case back to the panel for further consideration. The panel again upheld the imposition of the penalty. On appeal to the Appellate Division, the Special Fund claimed that the Board had erred as a matter of law in holding the Special Fund subject to the penalty provision since the Special Fund was not an employer and did not fall within the statutory definition of an insurance carrier
 
 *462
 
 contained at section 2 (12) of the Workers’ Compensation Law. The Appellate Division affirmed the Board’s determination, holding that "[t]he omission of the Special Fund from the general statutory definition of a carrier does not * * * evince any clear legislative intent to immunize it from the obligation to make timely payment of awards for which it is liable.” (144 AD2d 740, 741.)
 

 As a preliminary matter, we would note that the Appellate Division need not have accorded deference to the construction of the Workers’ Compensation Law adopted by the Board in this matter
 
 (see, Matter of Thomas v Bethlehem Steel Corp.,
 
 63 NY2d 150, 154). "Where the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data or inferences to be drawn therefrom,” the standard of review is indeed the rationality of the agency determination
 
 (Kurcsics v Merchants Mut. Ins. Co.,
 
 49 NY2d 451, 459;
 
 see also, Matter of Howard v Wyman,
 
 28 NY2d 434, 438). The case now before us, however, involves a "question * * * of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent”
 
 (Kurcsics v Merchants Mut. Ins. Co., supra,
 
 at 459;
 
 see also, Matter of Thomas v Bethlehem Steel Corp., supra,
 
 at 154). For that reason, "there is little basis to rely on any special competence or expertise” of the Board and, accordingly, no need to defer to its findings
 
 (Kurcsics v Merchants Mut. Ins. Co., supra,
 
 at 459). Thus, it would appear that the Appellate Division erred in reviewing the rationality of the Board’s determination and according great weight to the Board’s interpretation of the statutory penalty provision.
 

 Despite the misapprehension of the proper standard of review, the Appellate Division nonetheless reached the correct result in this case. Liability for payment of a compensation award under section 25-a shifts from the insurance carrier to the Special Fund simply by virtue of the passage of the requisite period of time
 
 (see,
 
 Workers’ Compensation Law § 25-a [1];
 
 see also, Matter of Dennett v Dennett Refrig. Equip.,
 
 38 AD2d 659, 660;
 
 Matter of Scalesse v Printing Adv. Corp.,
 
 36 AD2d 335, 338,
 
 revd on other grounds
 
 30 NY2d 234;
 
 Matter of Berlinski v Congregation Emanuel,
 
 29 AD2d 1036, 1037). Once section 25-a (1) has been triggered, the insurance carrier has no further interest in payment of the claim. This statutory scheme contemplates that the Special Fund will step into the shoes of the insurance carrier and succeed to its rights and
 
 *463
 
 responsibilities. It is illogical to suppose that the Special Fund succeeds only to the carrier’s duty to pay an award and not to the statutory requirements that relate to the timing of such payment. We conclude, therefore, that the Special Fund has a responsibility to pay claimants promptly and that it should be fully subject to the 20% penalty contained in section 25 (3) (former [c]) whenever it fails to make a payment within 10 days
 
 (compare, Matter of Scheib v Herman Mgt.,
 
 91 AD2d 794,
 
 lv denied
 
 59 NY2d 606).
 

 In reaching this conclusion, we find the language of section 25-a (2) instructive. This section states in relevant part that "[t]he provisions of this chapter with respect to procedure and the right to appeal shall be preserved to the claimant and to the employer originally liable for the payment of compensation and to such fund through its representative as hereinafter provided.” This subdivision ensures that a claimant has the same set of procedural rights when the Special Fund is responsible for payment of an award as when an insurance carrier is responsible. It follows from the language of this subdivision that a claimant should be entitled to request assessment of the statutory late penalty against the Special Fund since assessment of this penalty is one of the procedural rights available to a claimant against a responsible insurance carrier.
 

 Our holding today is consistent with the policy of ensuring that compensation payments are received promptly by those injured workers who are entitled to them
 
 (see,
 
 Workers’ Compensation Law § 25 [1];
 
 see also, Matter of Hart v Perkins,
 
 258 NY 61, 65;
 
 Matter of Deas v New York City Hous. Auth.,
 
 74 NY2d 914 [decided today]). The statutory penalty provides strong motivation to all responsible entities to see that payments are timely made. Our reading of the statute is also consistent with the practice of construing the Workers’ Compensation Law liberally to advance its economic and humanitarian purposes
 
 (see, Matter of Holcomb v Daily News,
 
 45 NY2d 602, 607;
 
 Matter of Husted v Seneca Steel Serv.,
 
 41 NY2d 140, 145).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, with costs.