■ THOMAS P. SCHEER et al., Respondents, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant.—Order unanimously reversed on the law without costs and complaint dismissed. Memorandum: Supreme Court was without power to compel defendant to participate in the appraisal procedure contained in the fire insurance policy it issued to plaintiffs

*(see, Happy Hank Auction Co. v American Eagle Fire Ins. Co.,* 1 NY2d 534, 538; *Matter of Delmar Box Co. [Aetna Ins. Co.],* 309 NY 60, 63-67; *Syracuse Sav. Bank v Yorkshire Ins. Co.,* 301 NY 403, 410-411). Plaintiffs' reliance on Insurance Law § 3404 (g) is misplaced. That statute became effective on March 23, 1990, after the dates of the parties' contract and plaintiffs' loss. Because that statute purports to create a substantive right and because its language indicates a prospective application only, Insurance Law § 3404 (g) has no application here *(see, Matter of Deutsch v Catherwood,* 31 NY2d 487, 489-490; *see also, Matter of Thomas v Bethlehem Steel Corp.,* 63 NY2d 150, 154; *Waddey v Waddey,* 290 NY 251, 254; McKinney's Cons Laws of NY, Book 1, Statutes § 52). (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.— Declaratory Judgment.) Present—Dillon, P. J., Callahan, Denman, Green and Lowery, JJ.