In the Matter of the Claim of RUBEN CASTRO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [855 NYS2d 711]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed November 3, 2006, which ruled that the Special Fund for Reopened Cases is entitled to credit for a schedule loss of use award paid by the employer's workers' compensation carrier.

Claimant suffered compensable injuries to his right knee in 1992 and 1994. In 2001, claimant and the employer's workers' compensation carrier stipulated to a 22.5% schedule loss of use award with respect to such injuries, which was approved by a Workers' Compensation Law Judge, and the cases were closed. When the cases were reopened in June 2005, the carrier was discharged and liability was shifted to the Special Fund for Reopened Cases (hereinafter Fund) pursuant to Workers'

Compensation Law § 25-a. In October 2005, claimant experienced a recurrence of his prior injuries and received further benefits. The Fund requested a credit for the prior schedule loss of use award paid by the carrier, which was denied by a Workers' Compensation Law Judge. The Workers' Compensation Board reversed this decision and allowed the credit. This appeal by claimant ensued.

We affirm. Initially, we note that once Workers' Compensation Law § 25-a is triggered, the carrier has no further interest in the payment of the claim as the Fund steps into the carrier's shoes and succeeds to its rights and responsibilities (*see Matter of De Mayo v Rensselaer Polytech Inst.*, 74 NY2d 459, 462-463 [1989]). The record here reveals that claimant had no compensable lost time after 1996 and the carrier maintained a credit against prior payments made under the schedule loss of use award at the time that liability was transferred to the Fund. In such cases, the Board has allowed a credit to be taken by the Fund for the carrier's prior payments so long as the carrier maintained a credit against future awards at the time that liability was transferred to the Fund (*see Arlington Cent. Schools*, 2007 WL 1977566, 2007 NY Wrk Comp LEXIS 4226 [May 3, 2007]; *Town's Ambulance Serv., Inc.*, 2005 WL 2056118, 2005 NY Wrk Comp LEXIS 7220 [Aug. 18, 2005]; *McDonald's Store #01927*, 2005 WL 54245, 2005 NY Wrk Comp LEXIS 398 [Jan. 11, 2005]). Given that the same situation is presented in the case at hand, substantial evidence supports the Board's allowance of the credit.

Claimant, however, contends that under Workers' Compensation Law § 25-a (1), the Fund is not allowed a credit for payments made by a carrier for awards that commence more than two years prior to the date of an application to transfer liability to the Fund. He relies most extensively upon *Matter of Alber v Tobin* (33 AD2d 607 [1969]) in support of his claim. Inasmuch as *Matter of Alber v Tobin* (*supra*) is factually distinguishable from the case at hand, we find claimant's contention to be without merit. There, as in this case, the claimant had been awarded a schedule loss of use, the case was closed and, upon reopening, the Fund was deemed liable for further benefits under Workers' Compensation Law § 25-a. Significantly, however, the claimant's injury in *Matter of Alber v Tobin* (*supra*) was reclassified upon reopening as a permanent partial disability. As a result, the claimant was entitled to a new award dating back to the date of the accident and continuing for a period of more than nine years thereafter, clearly outside the two-year retroactive period, and during which the carrier would have

exhausted its credit for prior payments. Here, in contrast, claimant's injury was not reclassified and the benefits paid upon the recurrence occurred after the liability had already been transferred to the Fund at a time when the carrier would still have had a credit. Accordingly, we find no reason to disturb the Board's decision.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.