[927 NYS2d 176]

In the Matter of the Claim of JUDITH FITZGERALD, as Widow of LAWRENCE BRANDSTEIN, Deceased, Claimant, v BERKSHIRE FARM CENTER & SERVICES FOR YOUTH et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, July 7, 2011

## APPEARANCES OF COUNSEL

*Gregory J. Allen, State Insurance Fund,* New York City (*Edward Obertubbesing* of counsel), for appellants.

*Steven M. Licht, Special Funds Conservation Committee,* Albany (*Jill B. Singer* of counsel), for Special Fund for Reopened Cases, respondent.

## OPINION OF THE COURT

LAHTINEN, J.

Decedent sustained a work-related injury to his left hip and leg in February 1994 and received workers' compensation benefits from February 1994 to June 1996, when he received a 35% schedule loss of use award and the case was closed. In May 2005, decedent made a claim for a consequential right hip condition and requested authorization for left hip replacement surgery. Liability for the claim was transferred to the Special Fund for Reopened Cases. In November 2005, decedent underwent left hip replacement surgery and was awarded workers' compensation benefits. Shortly after surgery, decedent began to experience complications which, ultimately, resulted in his death in October 2007.

In January 2008, claimant, decedent's widow, filed a claim for death benefits against the employer's workers' compensation carrier, which then sought to shift liability for that claim to the Special Fund. The Workers' Compensation Board found that since the Special Fund paid compensation benefits to decedent from November 2005 until his death in October 2007, the time requirements of Workers' Compensation Law § 25-a (1) had not been satisfied. The employer and its carrier now appeal.

We reverse. Initially, we note that the interpretation of Workers' Compensation Law § 25-a "involves a question . . . of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent" (*Matter of De Mayo v Rensselaer Polytech Inst.,* 74 NY2d 459, 462 [1989] [internal quotation marks and citation omitted]). The statute provides in relevant part that after a lapse of seven years from the date of injury and three years from the last payment of compensation, liability shifts to the Special Fund (*see Matter of Lynch v Buffalo Bills, Inc.,* 62 AD3d 1061, 1062 [2009]). It has long been recognized that "[t]he purpose of section 25-a is to save employ-

ers and insurance carriers from liability . . . for 'stale claims of injured employees' " (*Matter of Riley v Aircraft Prods. Mfg. Corp.*, 40 NY2d 366, 369 [1976], quoting *Matter of Ryan v American Bridge Co.*, 243 App Div 496, 498 [1935], *affd* 268 NY 502 [1935] [some internal quotation marks omitted]; *see Matter of Early v New York Tel. Co.*, 57 AD3d 1341, 1343 [2008]; *Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d 351, 353 [1997]; *Matter of Dennett v Dennett Refrig. Equip.*, 38 AD2d 659, 660 [1971]; *see also* 8 Larson's Workers' Compensation Law § 131.01). Accordingly, "[o]nce section 25-a (1) has been triggered, the insurance carrier has no further interest in payment of the claim. This statutory scheme contemplates that the Special Fund will step into the shoes of the insurance carrier and succeed to its rights and responsibilities" (*Matter of De Mayo v Rensselaer Polytech Inst.*, 74 NY2d at 462-463; *see Matter of Castro v New York City Tr. Auth.*, 50 AD3d 1272, 1273 [2008]).

Here, Workers' Compensation Law § 25-a was triggered and the Special Fund became liable in November 2005 since both the pertinent seven-year and three-year time frames had undisputedly passed. Under the well-established interpretation of section 25-a, the Special Fund stepped into the carrier's shoes regarding this stale claim and made payments from November 2005 to October 2007. It would be antithetical to the settled statutory purpose to permit these payments to serve as a basis to place liability for the death claim on the carrier, which had already been discharged from liability for claims related to the 1994 incident.

MERCURE, J.P., ROSE, KAVANAGH and GARRY, JJ., concur.

Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.