McCarthy, J.
Appeal from a decision of the Workers’ Compensation Board, filed April 14, 2011, which ruled that Workers’ Compensation Law § 25-a is inapplicable to claimant’s award of workers’ compensation death benefits.
In 1994, Kenneth Kirisits (hereinafter decedent) applied for workers’ compensation disability benefits following his retirement. A claim for occupational disease due to exposure to asbestos was established, with a disability date of 1993, based upon a diagnosis of pleural asbestosis resulting from his exposure to asbestos fibers during the course of his employment. No compensable lost time was found and reimbursement relief was set pursuant to Workers’ Compensation Law § 15 (8) (ee). Decedent died in 2008 and claimant, decedent’s widow, filed a claim for workers’ compensation death benefits alleging that decedent died of mesothelioma due to long-term occupational exposure to asbestos. The employer and its workers’ compensation carrier (hereinafter collectively referred to as the employer) sought to shift liability for that claim to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a, claiming that more than seven years had elapsed since the establishment of the underlying disability claim. Ultimately, the Workers’ Compensation Board, reversing the decision of the Workers’ Compensation Law Judge, discharged the Special Fund from liability upon a finding that Workers’ Compensation Law § 25-a is inapplicable because the death benefit claim is based on a new occupational disease that is separate and distinct from the workers’ compensation disability claim. The employer now appeals.
We affirm. “[I]t is generally accepted that a claim for death benefits . . . is a separate and distinct legal proceeding brought by the beneficiary’s dependents and is not equated with the beneficiary’s original disability claim” (.Matter of Zechmann v *1226 Canisteo Volunteer Fire Dept., 85 NY2d 747, 751 [1995]). Here, the underlying disability claim established an occupational disease due to decedent’s exposure to asbestos based upon medical evidence of decedent’s asbestos-related pleural disease. The death benefit claim is a new occupational disease for mesothelioma diagnosed in 2008 allegedly caused by decedent’s occupational asbestos exposure. There is nothing in the medical records herein to indicate a causal connection between the pleural disease and the diagnosis of mesothelioma in order to trigger the seven-year time period set forth in Workers’ Compensation Law § 25-a so as to shift liability to the Special Fund. Accordingly, because the death benefit claim is premised on a new occupational disease, separate and distinct from the occupational disease established in the underlying disability claim, we find no reason to disturb the Board’s decision releasing the Special Fund from liability (compare Matter of Fitzgerald v Berkshire Farm Ctr. & Servs. for Youth, 87 AD3d 353, 354-355 [2011]). Furthermore, under the circumstances herein, we are unpersuaded by the employer’s contention that the Board’s decision is premature.
Lahtinen, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.