Stein, J.
Appeal from an amended decision of the Workers’ Compensation Board, filed April 16, 2013, which, among other things, ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a.
Claimant, an investigator with the employer, suffered compensable injuries to his knees in 1996. He was awarded a schedule loss of use with respect to both legs and, in 2000, the case was closed. Claimant’s condition thereafter deteriorated and, in September 2011, his orthopedic surgeon requested authorization to perform a bilateral total knee replacement. The workers’ compensation carrier for the employer did not respond to the request within 30 days and, in November 2011, the Chair of the Workers’ Compensation Board issued “an order stating that such request is deemed authorized” (12 NYCRR 325-1.4 [a] [8]; see Workers’ Compensation Law § 13-a [5]). Claimant subsequently underwent the surgery.
A day after the Chair issued his order, the carrier requested that liability for the claim be shifted to the Special Fund for Reopened Cases (see Workers’ Compensation Law § 25-a [1], [3]). In March 2012, a Workers’ Compensation Law Judge shifted liability to the Special Fund effective November 2, 2009, but held that the carrier remained liable for the surgical costs due to its failure to properly administer the request for authorization. The Board upheld the shift in liability, but also determined that the Special Fund was liable for the surgical expenses, and maintained that position in an amended decision. In so doing, it overruled prior Board precedent that permitted holding the carrier liable for such costs. The Special Fund now appeals.
We affirm. Workers’ Compensation Law § 25-a (1) provides that, where seven years have passed from the date of claimant’s *1212 injury and three years have passed from the date of the last payment of compensation, “if an award is made it shall be against the [Sjpecial [F]und” (emphasis added). Both of those time periods have undoubtedly been met in this case. The Board has previously observed, however, that a carrier with a pending application to shift liability may be tempted to delay in approving necessary medical expenses in order to avoid the complications of paying for them and later seeking reimbursement from the Special Fund. In an effort to address that concern, the Board had held that, in certain instances, a carrier would be held liable for medical expenses that would otherwise be the responsibility of the Special Fund if it “had attempted to delay payment for the surgery until after a determination was made regarding the applicability of [Workers’ Compensation Law] § 25-a, and not based ... on a good faith objection to the surgery” (Employer: Redwing, 2011 WL 6126316, *2, 2011 NY Wrk Comp LEXIS 8002, *4 [WCB No. 8990 1736, Nov. 30, 2011]; see Employer: Allied Waste Indus., 2009 WL 1298864, *3, 2009 NY Wrk Comp LEXIS 8770, *6-8 [WCB No. 5952 1403, May 4, 2009]; Employer: New York Tel. Co., 2009 WL 1223500, *2, 2009 NY Wrk Comp LEXIS 8417, *3-4 [WCB No. 5710 9846, Apr. 23, 2009]).
In the decision at issue here, the Board discussed that precedent at length and overruled it, which it was free to do given that it “set forth its reasons for doing so” and considered appropriate statutory and judicial authorities (Matter of Catapano v Jaw, Inc., 73 AD3d 1361, 1362 [2010]; accord Matter of Canfora v Goldman Sachs Group, Inc., 110 AD3d 1123, 1124 [2013]; cf. Matter of Huff v Department of Corrections, 52 AD3d 1003, 1004-1005 [2008]). Inasmuch as the interpretation of Workers’ Compensation Law § 25-a presents a question “of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent,” we need not defer to the Board’s reading of the statute (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]; see Matter of Fitzgerald v Berkshire Farm Ctr. & Servs. for Youth, 87 AD3d 353, 354 [2011]). We nevertheless agree with the Board’s present interpretation thereof.
“The purpose of [Workers’ Compensation Law § ] 25-a is to save employers and insurance carriers from liability . . . for stale claims of injured employees” (Matter of Riley v Aircraft Prods. Mfg. Corp., 40 NY2d 366, 369 [1976] [internal quotation marks and citation omitted]; see Matter of Fitzgerald v Berkshire Farm Ctr. & Servs. for Youth, 87 AD3d at 354-355). Workers’ Compensation Law § 25-a (1) furthers that purpose by requir *1213 ing that any award “shall be [made] against the [S]pecial [F]und” if the requisite time periods have elapsed (emphasis added). As both the language and purpose of the statute demonstrate, the carrier “has no further interest in [the] payment of the claim” once liability has shifted to the Special Fund (Matter of De Mayo v Rensselaer Polytech Inst., 74 NY2d 459, 462 [1989]; accord Matter of Fitzgerald v Berkshire Farm Ctr. & Servs. for Youth, 87 AD3d at 355; see Matter of Castro v New York City Tr. Auth., 50 AD3d 1272, 1273 [2008]), and “the Board ha[s] no power to direct that the award be paid by the [carrier] instead of out of the [S]pecial [F]und” under those circumstances (Matter of Ryan v American Bridge Co., 243 App Div 496, 499-500 [1935], affd 268 NY 502 [1935]). Thus, the Board properly concluded that the statute does not permit a carrier to be held liable for medical expenses incurred after liability has been shifted to the Special Fund.
We have considered the remaining contentions of the Special Fund and find them to be unpersuasive.
Peters, EJ., McCarthy and Egan Jr., JJ, concur.
Ordered that the amended decision is affirmed, without costs.