[959 NE2d 1011, 936 NYS2d 63]

In the Matter of RANDY RAYNOR, Claimant, v LANDMARK CHRYS-
LER et al., Appellants, et al., Respondent. WORKERS' COMPEN-
SATION BOARD, Respondent.

Argued October 18, 2011; decided November 15, 2011

## POINTS OF COUNSEL

*Hamberger & Weiss*, Rochester (*Karen Darling* and *Ronald E. Weiss* of counsel), for appellants. I. The 2007 amendment to Workers' Compensation Law § 27 (2) providing mandatory aggregate trust fund deposits in permanent partial disability claims does not apply retroactively to dates of accident or disablement before March 13, 2007. (*Matter of Mace v Owl Wire & Cable Co.*, 284 AD2d 672; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205; *Jacobus v Colgate*, 217 NY 235; *Landgraf v USI Film Products*, 511 US 244; *Becker v Huss Co.*, 43 NY2d 527; *Matter of Thomas v Bethlehem Steel Corp.*, 95 AD2d 118, 63 NY2d 150; *Matter of Beary v City of Rye*, 44 NY2d 398.) II. The decision directing payment to the Aggregate Trust Fund is improper since future benefits to a partially disabled claimant are speculative. (*Burns v Varriale*, 9 NY3d 207.) III. The Appellate Division's application of amended Workers' Compensation Law § 27 (2) is unconstitutional. (*Matter of Brophy v Prudential Ins. Co. of Am.*, 241 App Div 306; *Connolly*

*v Pension Benefit Guaranty Corporation*, 475 US 211; *American Mfrs. Mut. Ins. Co. v Sullivan*, 526 US 40; *Alliance of Am. Insurers v Chu*, 77 NY2d 573; *Allied Structural Steel Co. v Spannaus*, 438 US 234; *Matter of Turdo v Dellicato Vineyards*, 73 AD3d 143; *Methodist Hosp. of Brooklyn v State Ins. Fund*, 102 AD2d 367.)

*Eric T. Schneiderman, Attorney General*, New York City (*Steven C. Wu, Barbara D. Underwood* and *Benjamin N. Gutman* of counsel), for Workers' Compensation Board, respondent. I. The Workers' Compensation Board properly ordered appellants to make aggregate trust fund deposits as required by law. (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *United States v Gonzales*, 520 US 1; *Matter of Alonzo M. v New York City Dept. of Probation*, 72 NY2d 662; *Keene Corp. v United States*, 508 US 200; *Lawrence Constr. Corp. v State of New York*, 293 NY 634; *People v Ryan*, 82 NY2d 497; *Landgraf v USI Film Products*, 511 US 244; *Polone v Commissioner of Internal Revenue*, 505 F3d 966; *Matter of Schmidt v Wolf Contr. Co., Inc.*, 269 App Div 201, 295 NY 748; *Brothers v Florence*, 95 NY2d 290.) II. Amended Workers' Compensation Law § 27 (2) is constitutional. (*Connolly v Pension Benefit Guaranty Corporation*, 475 US 211; *Minneapolis Taxi Owners Coalition, Inc. v City of Minneapolis*, 572 F3d 502; *Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510; *Alliance of Am. Insurers v Chu*, 77 NY2d 573; *Energy Reserves Group, Inc. v Kansas Power & Light Co.*, 459 US 400; *General Motors Corp. v Romein*, 503 US 181; *CFCU Community Credit Union v Hayward*, 552 F3d 253; *Allied Structural Steel Co. v Spannaus*, 438 US 234; *RUI One Corp. v City of Berkeley*, 371 F3d 1137; *South Term. Corp. v Environmental Protection Agency*, 504 F2d 646.) III. The Workers' Compensation Board's calculation of an award's present value in compliance with the Workers' Compensation Law's express requirements is neither arbitrary nor capricious. (*Matter of Baust v Levitt*, 50 AD2d 627; *Burns v Varriale*, 9 NY3d 207; *Matter of Kelly v State Ins. Fund*, 60 NY2d 131; *Becker v Huss Co.*, 43 NY2d 527.)

## OPINION OF THE COURT

CIPARICK, J.

In this dispute between an employee (claimant) and his employer and its workers' compensation insurance carrier (the carrier), we are asked to interpret Workers' Compensation Law § 27 (2) and § 15 (3) (w), amended by the Laws of 2007, as they

relate to an award for a non-schedule permanent partial disability made after the effective date for an injury sustained years earlier. We conclude that the Workers' Compensation Board (the Board) and the Appellate Division properly construed the amended statute by requiring the carrier to deposit a lump-sum amount into the Aggregate Trust Fund (ATF) representing the present value of the award.

## I.

On March 13, 2007, a comprehensive reform of the Workers' Compensation Law was enacted as a result of years of negotiations by the Governor's Office, the Legislature, the Board and representatives of business and labor. The bill established reforms to the law, carefully negotiated to provide benefits both to workers, businesses and to the insurance companies through a series of trade-offs including:

> "(1) increasing maximum and minimum benefits for injured workers and indexing the maximum to New York's average weekly wage; (2) dramatically reducing costs in the workers' compensation system, making hundreds of millions of dollars available annually to be translated into premium reductions; (3) establishing enhanced measures to combat workers' compensation fraud; (4) replacing the Special Disability Fund with enhanced protections for injured veterans; (5) preventing insurance carriers from transferring costs to New York employers by closing the Special Disability Fund to new claims; and (6) creating a financing mechanism to allow for settlement of the Fund's existing liabilities" (Governor's Program Bill Mem, Bill Jacket, L 2007, ch 6, at 5, reprinted in 2007 NY Legis Ann, at 5).

New York State's Workers' Compensation Law requires that employers pay benefits to replace lost wages for their employees who become injured during "the course of the employment without regard to fault as a cause of the injury" (Workers' Compensation Law § 10 [1]). An employer must secure the compensation for his employees by obtaining coverage from the New York State Insurance Fund, purchasing coverage from an approved private insurance carrier or obtaining approval from the Board to self-insure (*see* Workers' Compensation Law § 50). This appeal requires us to address the amendments to Workers' Compensation Law § 27 (2) and § 15 (3) (w) as they pertain to insurance coverage by private insurance carriers only.

The amendment to Workers' Compensation Law § 27 (2) mandates that private insurance carriers make a deposit into the ATF of the present value of awards made pursuant to Workers' Compensation Law § 15 (3) (w) (*see* L 2007, ch 6, § 46). The ATF was established in 1920 and incorporated into Workers' Compensation Law in 1922.[1] Since 1935, private insurance carriers have been required by Workers' Compensation Law § 27 to deposit the present value into the ATF of the estimated lifetime payout of long-term indemnity awards for total permanent disabilities and for certain "schedule" awards for permanent partial disabilities.[2] Prior to 2007, the Board, at its discretion, could also order a private insurance company to deposit into the ATF the present value of a non-schedule permanent partial disability indemnity award (*see* former Workers' Compensation Law § 27 [2]). The 2007 amendment to Workers' Compensation Law § 27 (2) added language to the existing statute now making such payments for non-schedule awards mandatory (L 2007, ch 6, § 46).

The Legislature also amended Workers' Compensation Law § 15 (3) (w) in 2007. The amendment, in a concession to insurance carriers, capped the number of weeks that a person is eligible to receive benefits for a non-schedule permanent partial disability (*see* L 2007, ch 6, § 4). Prior to the amendment, a permanently partially disabled worker was able to receive benefits for life (*see* former Workers' Compensation Law § 15 [3] [w]). The amendment to Workers' Compensation Law § 27 (2) took effect 120 days after the enactment or on July 11, 2007 (*see* L 2007, ch 6, § 82 [e]), while the amendment to Workers' Compensation Law § 15 (3) took effect immediately upon the signing of the bill on March 13, 2007 (*see* L 2007, ch 6, § 82 [a]). Accordingly, as of July 11, 2007, benefits awarded for accidents that occurred prior to March 13, 2007 remained uncapped, while benefits awarded for accidents occurring on or after March 13,

---

**1.** The purpose of the ATF is to insure and oversee regular payments of benefits of designated types of long-term indemnity awards. The ATF, in accordance with the value of the award as determined by the Board, pays the biweekly installment of compensation benefits to the claimant, thus relieving the carrier's responsibility for paying future indemnity benefits.

**2.** Workers' Compensation Law § 15 (3) (a)-(v) and (6) mandate the use of a statutory schedule specifically setting forth the amount of compensation for a permanent partial disability resulting from the total loss of an arm, leg, hand, foot, eye, etc. These are referred to as "schedule" awards. Awards for other injuries are classified as "non-schedule."

2007 were now subject to a newly imposed cap pursuant to amended section 15 (3) (w).

With this framework in place, we now turn to the facts of this case. Claimant Randy Raynor injured his lower back while working for Landmark Chrysler on December 14, 2004. On June 25, 2008, over three years after the initial injury, a workers' compensation law judge determined that Raynor was permanently partially disabled and directed Landmark Chrysler's insurance carrier, Erie Insurance Company of New York, to deposit the present value of all unpaid benefits—$196,865.73—into the ATF. The carrier submitted an application for Board review arguing that mandatory deposits of the present value of future benefits into the ATF as required by amended section 27 (2) should only apply to awards made under the amended section 15 (3) (w) because requiring such a deposit for the uncapped, pre-amended section 15 (3) (w) awards is impermissibly retroactive. The carrier also contended that the calculation of such an award is speculative.

On February 6, 2009, a three Board Member panel, with one dissenting vote, upheld the determination that the present value of the uncapped award was to be deposited into the ATF. The Board held that a plain reading of the amended statutes required such a result and the calculation of the award was not speculative. The dissenter adopted the arguments advanced by the carrier. As of right, pursuant to the one-member dissent, the carrier submitted an application for a full Board review. In addition to the arguments brought before the three-member panel, the carrier additionally raised a number of constitutional arguments to the full Board.

On May 7, 2009, the full Board affirmed the decision of the workers' compensation law judge, holding that the plain unambiguous language of the statute required that the carrier pay the present value of the uncapped award, in a lump sum, into the ATF, and that the statute was not impermissibly retroactive. It further concluded that the Board's computation of the present value of claimant's award was not speculative or arbitrary and capricious. It finally opined that the statute did not violate any of the carrier's constitutional rights. The Appellate Division, in a joint opinion including two other claimants, affirmed the Board's decision (*see Matter of Collins v Dukes Plumbing & Sewer Serv., Inc.*, 75 AD3d 697 [3d Dept 2010]). We granted the carrier leave to appeal (15 NY3d 713 [2010]) and now affirm.

## II.

"As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]). Additionally, "[w]here a statute describes the particular situations in which it is to apply and no qualifying exception is added, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (*Matter of Alonzo M. v New York City Dept. of Probation*, 72 NY2d 662, 665 [1988] [internal quotation marks omitted]).

The carrier urges us to allow pre-March 13, 2007, uncapped benefit awards to be exempt from the section 27 (2) deposit requirement, arguing that because the Legislature amended Workers' Compensation Law § 27 (2) and § 15 (3) (w) at the same time, the only permissible reading of the two statutes is that the deposit of the present value of future awards into the ATF was only intended to apply to the newly enacted capped awards pursuant to the amended section 15 (3) (w) and that the deposit requirements should be limited to workers injured after the effective date of the amendment. The carrier contends that any other interpretation is inherently unfair and burdens private insurance carriers with unanticipated expenses.

The amended Workers' Compensation Law § 15 (3) (w), providing for capped permanent partial disability awards, clearly "appl[ies] to *accidents and dates of disablement* which occur on and after" the enactment date of the bill, March 13, 2007 (L 2007, ch 6, § 82 [a] [emphasis added]). Here, the claimant's injury occurred on December 14, 2004, before the enactment of the 2007 amendments, and thus the award was uncapped.

The added provision to the amended Workers' Compensation Law § 27 (2) provides, "if any such award made on or after July first, two thousand seven requires payment for permanent partial disability under paragraph w of subdivision three of section fifteen . . . the board shall immediately compute the present value thereof and require payment of such amount into the [ATF]."

Thus, the Legislature specifically chose the date of the accident as the demarcation point between those claimants who qualify for the uncapped award pursuant to the pre-amended Workers' Compensation Law § 15 (3) (w) and the capped award

pursuant to the amended statute and further specifically chose the date of the award, without regard to the date of the injury, as the point where the deposit of a lump-sum payment into the ATF representing the present value of the benefits is required pursuant to Workers' Compensation Law § 27 (2).

Moreover, since no qualifying exceptions were added, we are disinclined to read any into the statute as the carrier would have us do. Additionally, the use of the expansive word "any" in Workers' Compensation Law § 27 (2) indicates that it was intended to apply to both pre-amendment uncapped awards as well as post-amendment capped awards pursuant to Workers' Compensation Law § 15 (3) (w) (*see State of New York v Philip Morris Inc.*, 8 NY3d 574, 580 [2007]). The legislation does not include the limitation as argued by the carrier. Accordingly, a plain reading of the statute confirms that a private insurance carrier is required to deposit into the ATF the present value of awards that are subject to both the pre-amended and post-amended section 15 (3) (w).

The carrier further claims that the Board and the Appellate Division are improperly applying the statute retroactively. The statute, however, only governs non-schedule permanent partial disability awards made after its passage. The fact that the award may relate to an injury that occurred prior to the enactment of the statute does not render it retroactive. " 'A statute is not retroactive . . . when made to apply to future transactions merely because such transactions relate to and are founded upon antecedent events' " (*Forti v New York State Ethics Commn.*, 75 NY2d 596, 609 [1990], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 51, Comment, at 87). That is the case here. Thus, the carrier's claims of inequity due to the overturning of settled expectations as the result of the amended statute is without merit as the statute neither altered the carrier's preexisting liability nor imposed a wholly unexpected new procedure. It merely changed the time and manner of payments of non-schedule permanent partial disability awards.

Relying on *Burns v Varriale* (9 NY3d 207 [2007]), the carrier also argues that mandating private insurance carriers to deposit the present value of the future benefits into the ATF is arbitrary and capricious, because it is impossible to correctly ascertain the present value of such an award. This argument is unavailing. While we did, in *Burns*, state that "the present value of future benefits in a permanent partial disability case is not ascertainable" (*id.* at 217), the case concerned the calculation

of a carrier's equitable share of a claimant's attorney's fees and litigation costs pursuant to Workers' Compensation Law § 29 (1) (*see id.* at 213-214). Pursuant to section 29 (1), that equitable apportionment is subject to the court's discretion. Here, by contrast, there is no such discretion involved. The deposit of the present value of the future benefit is legislatively mandated by Workers' Compensation Law § 27 (2) and the procedure for the calculation of such an award is governed by Workers' Compensation Law § 27 (5) using specific actuarial tables. Thus, using the actuarial tables, as required by the statute, to calculate the present value of the award is not impermissibly speculative and the Board, in following the Legislature's clear direction, did not act arbitrarily and capriciously in mandating the deposits (*see Matter of Baust v Levitt,* 50 AD2d 627, 628 [3d Dept 1975], *lv denied* 38 NY2d 708 [1976] [complying with a statute's directive cannot be said to be arbitrary or capricious]).

## III.

The carrier also raises a number of constitutional arguments, none of which are persuasive. It contends that amended section 27 (2) violates the Takings, Contracts, Equal Protection and Due Process Clauses of the United States Constitution.

 The Takings Clause prohibits the government from taking private property for public use without providing just compensation (*see* US Const Amend V). The amended statute, as applied, does not violate this clause. The statute neither increases the amount of compensation owed to claimant, nor does it appropriate the carrier's assets for the use of the State (*see Connolly v Pension Benefit Guaranty Corporation,* 475 US 211, 225 [1986]; *cf. Alliance of Am. Insurers v Chu,* 77 NY2d 573, 577-578 [1991] [statute held unconstitutional because insurers had a property interest in the fund whose earnings were diverted to the State's general fund]). Here, there is no such diversion; the mandatory deposit only reflects the present value of what is owed to an injured worker.

 The amended statute similarly does not violate the Contracts Clause of the United States Constitution. The Contracts Clause prohibits states from enacting "[l]aw[s] impairing the Obligation of Contracts" (US Const, art I, § 10 [1]). Prior to the amendment of the statute the Board could, at its discretion, require a carrier to deposit the present value of the award into the ATF. The amendment merely makes what was once discretionary, mandatory. There is no impairment of

the insurance contract. At most, the carrier's contract has become less profitable—not a substantial impairment (*see RUI One Corp. v City of Berkeley*, 371 F3d 1137, 1151 [9th Cir 2004]; *South Term. Corp. v Environmental Protection Agency*, 504 F2d 646, 680 [1st Cir 1974]).

The carrier's argument that the amended statute violates its equal protection rights under the Fourteenth Amendment of the United States Constitution is equally without merit. The carrier argues that private insurers are treated differently from the State Insurance Fund and self-insurers. The basis for requiring a private insurer to deposit the present value of a future award into the ATF is to protect claimants from carrier insolvency. The same goal is achieved by the State Insurance Fund because of its status as a state agency. Self-insurers have a separate regulatory framework to safeguard against insolvency (*see* 12 NYCRR 315.2-315.4). Because there is a rational basis for differential treatment of separate classes of insurers, there is no violation of equal protection here (*see FCC v Beach Communications, Inc.*, 508 US 307, 313 [1993]).

Finally, we reject the carrier's argument that the statute violates substantive and procedural due process rights. To establish a claim for violation of substantive due process, a party "must establish a cognizable . . . vested property interest" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 627 [2004]) and "that the governmental action was wholly without legal justification" (*id.*). As noted, the statute does not deprive the carrier of property, because it does not increase the amount the carrier owes. Additionally, the carrier fails to make any showing that the statute here was without legal justification and not supported by a rational legislative purpose.

The claim of lack of procedural due process is likewise unconvincing. The carrier is accorded procedural due process at every step, as it is entitled to contest, first at a hearing before a workers' compensation law judge, then at an appeal to the Board, and ultimately at the Appellate Division, its liability, the classification of the worker's injuries and the amount of the award (*see* Workers' Compensation Law § 23). Furthermore, carriers receive notice and an opportunity to be heard regarding all proposed settlements (*see* Workers' Compensation Law § 32).

In conclusion, because the award was made after the effective date of the amendment to Workers' Compensation Law § 27 (2), the Board properly required the carrier to make a deposit into

the ATF. This amendment is neither retroactive, arbitrary and capricious nor unconstitutional. Although the carrier argues that the legislation, as enacted, is unfair and places an unanticipated financial burden on private insurance carriers, we are merely interpreting the statute by applying the rules of statutory construction. It is not our role to pass on its fairness or wisdom (*see Morales v County of Nassau*, 94 NY2d 218, 224 [1999]; *People v Ryan*, 82 NY2d 497, 502 [1993]). It is for the Legislature to limit the statute, if it so desires (*see Joblon v Solow*, 91 NY2d 457, 465 n 2 [1998]).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur; Chief Judge LIPPMAN taking no part.

Order affirmed, with costs.