*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    519727
_____

In the Matter of the Claim of
    BONNIE GOUTREMOUT,
                    Respondent,

        v

ADVANCE AUTO PARTS et al.,
                    Appellants,
        and                            MEMORANDUM AND ORDER

SPECIAL FUND FOR REOPENED
    CASES,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  October 19, 2015

Before:  McCarthy, J.P., Rose, Devine and Clark, JJ.

_____

        Wolff, Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer Jr. of counsel), for appellants.

        Steven M. Licht, Special Funds Conservation Committee, Albany (Jill Singer of counsel), for Special Fund for Reopened Cases, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Steven Segall of counsel), for Workers Compensation Board, respondent.

_____

Devine, J.

Appeals (1) from a decision of the Workers' Compensation Board, filed December 10, 2013, which ruled that liability for the claim did not shift to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a, and (2) from a decision of said Board, filed November 10, 2014, which denied a request by the employer and its workers' compensation carrier for reconsideration and/or full Board review.

In December 2001, claimant sustained a work-related injury to her right knee. In August 2005, claimant was awarded a 25% schedule loss of use of her right leg, which was paid by the workers' compensation carrier at that time, and the case was closed. In November 2008, the claim was amended to include a consequential left knee injury. Thereafter, in February 2009, claimant filed a request for further action seeking authorization for right knee replacement surgery, which was granted. In March 2011, claimant was awarded an overall 50% loss of use of her right leg, which was then paid by the employer's workers' compensation carrier. At a hearing in September 2012, the employer and its carrier raised the issue of transfer of liability to the Special Fund for Reopened Cases. Following a hearing, the Workers' Compensation Law Judge shifted liability to the Special Fund effective September 20, 2010. The Workers' Compensation Board reversed, finding that Workers' Compensation Law § 25-a relief was unavailable because the last payment of compensation was made in March 2011, less than three years from the request to shift liability to the Special Fund. The Board denied the subsequent request for reconsideration and/or full Board review. These appeals by the employer and the carrier ensued.

Liability for a claim shifts to the Special Fund "when an application for compensation is made by an employee . . . after a lapse of seven years from the date of the injury . . . and also a lapse of three years from the date of the last payment of compensation" (Workers Compensation Law § 25-a [1]). Here, both of those time limitations were satisfied when claimant made an application to reopen the claim in February 2009. The Special Fund's "liability [was] triggered, as a matter of law, upon the

passage of time as provided by the statute" (Matter of Martin v New York Tel., 46 AD3d 1136, 1137 [2007]; see Matter of De Mayo v Rensselaer Polytech Inst., 74 NY2d 459, 462 [1989]; cf. Matter of Scoppo v American Brake Shoe Co., 43 AD2d 603, 604 [1973]; Matter of Gillette v Staub & Son, 8 AD2d 896 [1959]).  Although relevant to the period of retroactivity, the carrier's payment of compensation in March 2011 and its September 2012 request that liability be transferred to the Special Fund are not determinative as to when that liability attached.  To hold otherwise would be contrary to the purpose of the statute, which "is to shift the liability for paying stale claims to the [Special] Fund" (Matter of Early v New York Tel. Co., 57 AD3d 1341, 1343 [2008] [internal quotation marks and citation omitted]; see Matter of Ercole v New York State Police, 118 AD3d 1211, 1212-1213 [2014]).

In view of the foregoing, the challenge to the denial of the request for reconsideration and/or full Board review is academic.

McCarthy, J.P., Rose and Clark, JJ., concur.

ORDERED that the decision filed December 10, 2013 is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

ORDERED that the appeal from the decision filed November 10, 2014 is dismissed, as academic, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court