■ In the Matter of the Claim of MARIA MISQUITTA, Claimant, v GETTY PETROLEUM et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [54 NYS3d 206]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed March 2, 2016, which ruled, among other things, that liability had shifted to the Special Fund for Reopened Cases.

In 1985, Reginald Misquitta (hereinafter decedent) sustained

a work-related myocardial infarction and was ultimately classified as permanently totally disabled. By a decision of a Workers' Compensation Law Judge (hereinafter WCLJ) filed August 11, 2000, the Special Fund for Reopened Cases assumed liability pursuant to Workers' Compensation Law § 25-a. After decedent's death on May 2, 2014 due to coronary artery disease, claimant, decedent's wife, filed a claim for death benefits. The Special Fund submitted a medical report concluding that there was no causal relationship. Hearings were held and the employer and its workers' compensation carrier argued that liability for this claim had shifted to the Special Fund in 2000. The Special Fund contended that no new claims to transfer liability to it can be submitted after January 1, 2014 under the 2013 amendments to Workers' Compensation Law § 25-a (1-a) (*see* L 2013, ch 57, § 1, part GG, § 13). A WCLJ found that decedent's death was causally related, that the Special Fund had assumed liability on the underlying case and remains liable for the death claim, and directed the Special Fund to pay awards and funeral expenses to claimant. The Workers' Compensation Board upheld the determination that liability for this claim had been transferred pursuant to Workers' Compensation Law § 25-a to the Special Fund, which continues to be liable for decedent's consequential death. The Board modified to the extent that it concluded that the WCLJ should not have determined the issue of causal relationship, as the Special Fund had reserved on that issue, and directed that the case be reopened for further proceedings on that issue. The Special Fund now appeals.

We affirm. "Liability for payment of a compensation award under [Workers' Compensation Law §] 25-a shifts from the insurance carrier to the Special Fund simply by virtue of the passage of the requisite period of time" and, "[o]nce section 25-a (1) has been triggered, the insurance carrier has no further interest in payment of the claim" (*Matter of De Mayo v Rensselaer Polytech Inst.*, 74 NY2d 459, 462 [1989]; *accord Matter of Fitzgerald v Berkshire Farm Ctr. & Servs. for Youth*, 87 AD3d 353, 355 [2011]). Thus, upon a transfer of liability, the Special Fund "step[s] into the shoes of the insurance carrier and succeed[s] to its rights and responsibilities" (*Matter of De Mayo v Rensselaer Polytech Inst.*, 74 NY2d at 462-463). Here, it is undisputed that liability shifted to the Special Fund in 2000, long before decedent's 2014 death.

The Special Fund argues that it is not liable because the consequential death claim is a new claim and, since it was filed after the January 1, 2014 cutoff for newly reopened claims

against the Special Fund, liability against it is precluded (*see* Workers' Compensation Law § 25-a [1-a]). The Special Fund is correct that "a claim for death benefits . . . is a separate and distinct legal proceeding brought by the beneficiary's dependents and is not equated with the beneficiary's original disability claim" (*Matter of Zechmann v Canisteo Volunteer Fire Dept.*, 85 NY2d 747, 751 [1995]; *see Commissioners of State Ins. Fund v Hallmark Operating, Inc.*, 61 AD3d 1212, 1213 [2009]; *Matter of Mace v Owl Wire & Cable Co.*, 284 AD2d 672, 675 [2001]). Indeed, there are separate statutory provisions for disability and death benefits (*compare* Workers' Compensation Law § 15 *with* Workers' Compensation Law § 16). However, where, as here, liability for a claim has already been transferred from the carrier to the Special Fund and the employee thereafter dies for reasons causally related to the original claim, the Special Fund remains liable for the claim for death benefits (*see Matter of Fitzgerald v Berkshire Farm Ctr. & Servs. for Youth*, 87 AD3d at 354-355; *cf. Matter of Connolly v Consolidated Edison*, 124 AD3d 1167, 1168-1169 [2015]). Thus, under these circumstances, claimant need not obtain another transfer of liability to the Special Fund upon decedent's death, as liability had already been transferred. In that regard, Workers' Compensation Law § 25-a (1-a), which closed the Special Fund to newly reopened cases as of January 1, 2014, has no bearing on the Special Fund's liability for a claim for which liability was transferred to it in 2000.* This result is consistent with the purpose of Workers' Compensation Law § 25-a, which "is to shift the liability for paying stale claims to the [Special] Fund" (*Matter of Goutremout v Advance Auto Parts*, 134 AD3d 1194, 1195 [2015] [internal quotation marks and citation omitted]).

Peters, P.J., Devine, Mulvey and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* In *American Economy Ins. Co. v State of New York* (139 AD3d 138 [2016]), the First Department held that the 2013 amendment to Workers' Compensation Law § 25-a (1-a), which closed the Special Fund to newly reopened cases as of January 1, 2014 retroactively leaving liability for such reopened claims with the workers' compensation carriers, was unconstitutional. An appeal is pending in the Court of Appeals. We need not address the constitutionality of the amendment closing the Special Fund, as we have concluded that the Special Fund remained liable for the death benefit claim based upon the 2000 transfer of liability under Workers' Compensation Law § 25-a.