Matter of Verneau v Consolidated Edison Co. of N.Y., Inc. (2019 NY Slip Op 05369)





Matter of Verneau v Consolidated Edison Co. of N.Y., Inc.


2019 NY Slip Op 05369


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

527837

[*1]In the Matter of the Claim of FRANCES VERNEAU, Claimant,
v
CONSOLIDATED EDISON CO. OF NEW YORK, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Cherry, Edson & Kelly, LLP, Tarrytown (Ralph E. Magnetti of counsel), for appellants.
Habberfield Kaszycki LLP, Buffalo (Matthew R. Mead of Stockton, Barker & Mead, LLP, Troy, of counsel), for Special Fund for Reopened Cases, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed May 9, 2018, which ruled, among other things, that liability did not shift to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.
Claimant's husband (hereinafter decedent) was diagnosed with pulmonary asbestosis, asbestosis related pleural disease, chronic irritative bronchitis and chronic obstructive pulmonary disease related to his work activities. He applied for workers' compensation benefits, and his claim was established for an occupational disease, with a date of disablement of June 1, 2000. Liability for the claim was transferred, effective in December 2011, from the self-insured employer to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.
Decedent died in January 2017. In March 2017, claimant applied for workers' compensation death benefits alleging that decedent's asbestosis contributed to his death. The Workers' Compensation Board initially indexed the case against the Special Fund, but subsequently issued a corrected notice naming the self-insured employer as the carrier. The self-[*2]insured employer, through its third-party administrator (hereinafter collectively referred to as the employer), submitted a denial. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie evidence of consequential death, removed the employer from notice, indicated that the Special Fund would be liable if the death were causally related, and continued the case [FN1]. Following a subsequent hearing, the WCLJ established the case for consequential death, resulting in the Special Fund being responsible for the claim.
The Special Fund sought review by the Board, contending that the transfer of liability was barred by Workers' Compensation Law § 25-a (1-a). A panel of the Board agreed, relying on the Court of Appeals' decision in American Economy Ins. Co. v State of New York (30 NY3d 136 [2017], cert denied ___ US ___, 138 S Ct 2601 [2018]), and concluded that Workers' Compensation Law § 25-a liability did not apply to the case. The employer appeals.
The Court of Appeals has noted that one of the purposes for the creation of the Special Fund was "to ensure that injured workers with 'closed' cases that unexpectedly 'reopened' after many years due to, for example, 'a recurrence of malady, a progress in disease not anticipated, or a pathological development not previously prognosticated,' would continue to receive necessary benefits, even if the insurance carrier had become insolvent" (American Economy Ins. Co. v State of New York, 30 NY3d at 141, quoting Matter of Ryan v American Bridge Co., 243 App Div 496, 498 [1935], affd 268 NY 502 [1935]). In furtherance of this purpose, Workers' Compensation Law § 25-a was enacted to establish a framework for transferring liability from insurance carriers to the Special Fund for the payment of stale claims meeting certain criteria (see American Economy Ins. Co. v State of New York, 30 NY3d at 141; Matter of Goutremout v Advance Auto Parts, 134 AD3d 1194, 1195 [2015]; see also Workers' Compensation Law § 25-a [1]). In 2013, however, due largely to the increase in the cost of operating the Special Fund, the Legislature decided to close it to new applications and amended the statute by adding Workers' Compensation Law
§ 25-a (1-a) (L 2013, ch 57, § 1, part GG, § 13; see American Economy Ins. Co. v State of New York, 30 NY3d at 142-143). Workers' Compensation Law § 25-a (1-a) provides, as relevant here, that "[n]o application by a self-insured employer or an insurance carrier for transfer of liability of a claim to the [Special Fund] shall be accepted by the [B]oard on or after [January 1, 2014]." Because this case involves a question of pure statutory analysis, we need not defer to the Board's interpretation of the statute (see Matter of De Mayo v Rensselaer Polytech Inst., 74 NY2d 459, 462 [1989]).
We agree with the employer that the imposition of liability on the Special Fund in this case is not precluded by the above statutory amendment, given that liability was transferred to the Special Fund in December 2011, well before the January 1, 2014 closure date. The record does not indicate any violation of the plain language of the statutory sentence at issue. Indeed, the record does not contain a copy of any application by the employer for transfer of liability of a claim to the Special Fund, nor any indication that such an application was filed after January 1, 2014. Thus, the record does not support a finding of a violation of the statute prohibiting the Board from accepting, after the cut-off date, any application by an employer or carrier for transfer of liability of a claim to the Special Fund (see Workers' Compensation Law § 25-a [1-a]).
This conclusion is supported by our decision in Matter of Misquitta v Getty Petroleum (150 AD3d 1363 [2017]), which involved a factual situation similar to that presented here. In Misquitta, the decedent had an established workers' compensation claim that had been transferred to the Special Fund prior to his death and, after his death, his widow filed a claim for workers' compensation death benefits. While acknowledging that the consequential death claim was separate and distinct from the decedent's original claim, this Court ruled that "where . . . liability for a claim has already been transferred from the carrier to the Special Fund and the employee [*3]thereafter dies for reasons causally related to the original claim, the Special Fund remains liable for the claim for death benefits" (id. at 1365)[FN2]. Significantly, this Court specifically found that Workers' Compensation Law § 25-a (1-a), closing the Special Fund to applications filed after January 1, 2014, was inapplicable given that liability had been transferred to the Special Fund in 2000 (id.).[FN3]
The Court of Appeals' decision in American Economy Ins. Co. v State of New York (30 NY3d 136 [2017], supra) is not inconsistent with Misquitta and does not compel a contrary result. The only issue before the Court in American Economy was the constitutionality of the 2013 amendment adding the closure provision of Workers' Compensation Law § 25-a (1-a), which was challenged as retroactively imposing unfunded costs upon insurance companies for policies that were finalized before the effective date of the amendment. The Court rejected the insurance companies' claims under the Contract Clause (see US Const, art I, § 10 [1]) and the Takings Clause (see US Const 5th Amend), as well as their substantive due process challenge (American Economy Ins. Co. v State of New York, 30 NY3d at 150-158). Notably, the Court did not specifically state or otherwise suggest that Workers' Compensation Law § 25-a (1-a) applied to foreclose the Special Fund from continuing to be liable for consequential death claims arising where a decedent had an established workers' compensation claim for which the Special Fund was already liable prior to January 1, 2014. To the extent that the Board relied upon American Economy in concluding that liability for claimant's consequential death claim did not shift to the Special Fund under the circumstances presented here, and in the absence of any other legal support for its conclusion, its decision must be reversed.
Clark, J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: It is unclear why the employer was removed from notice and the Special Fund was deemed responsible for any awards, inasmuch as the record does not contain the transcript of that hearing and the WCLJ's decision does not explain those rulings.

Footnote 2: To the extent that some parties contend that our decision in Matter of Connolly v Consolidated Edison (124 AD3d 1167 [2015]) is controlling here, we disagree. Connolly is not inconsistent with Misquitta, as Connolly involved "a claim for reimbursement" of death benefits from the Special Disability Fund under a completely different statutory provision (Workers' Compensation Law § 15 [8] [h] [2] [A]). Awards made pursuant to Workers' Compensation Law § 15 (8) "shall be made against the employer or his or her insurance carrier," who "shall in the first instance make the payments of compensation and medical expenses provided by this subdivision," but may then be reimbursed by the Special Disability Fund upon making a claim for such reimbursement (Workers' Compensation Law § 15 [8] [f]; see Workers' Compensation Law § 15 [8] [g]). Comparatively, "[o]nce [Workers' Compensation Law § ] 25-a (1) has been triggered, the insurance carrier has no further interest in payment of the claim. This statutory scheme contemplates that the Special Fund will step into the shoes of the insurance carrier and succeed to its rights and responsibilities" (Matter of De Mayo v Rensselaer Polytech Inst., 74 NY2d 459, 462-463 [1989]; see Matter of Fitzgerald v Berkshire Farm Ctr. & Servs. for Youth, 87 AD3d 353, 355 [2011]).

Footnote 3: This Court was well aware that an appeal in American Economy was pending before the Court of Appeals, but found it unnecessary to address the constitutionality of the 2013 amendment adding Workers' Compensation Law § 25-a (1-a) (Matter of Misquitta v Getty Petroleum, 150 AD3d 1363, 1365 n [2017]).