Matter of Rexford v Gould Erectors & Riggers, Inc. (2019 NY Slip Op 05370)





Matter of Rexford v Gould Erectors & Riggers, Inc.


2019 NY Slip Op 05370


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

527877

[*1]In the Matter of the Claim of KRISTEN REXFORD, as Administrator of the Estate of REGINALD RADLEY, Deceased, Claimant,
v
GOULD ERECTORS & RIGGERS, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


William O'Brien, State Insurance Fund, Albany (Edward Obertubbesing of counsel), for Gould Erectors & Riggers, Inc. and another, appellants.
Habberfield Kaszycki, LLP, Buffalo (Matthew R. Mead of Stockton, Barker & Mead, LLP, Troy, of counsel), for Special Fund for Reopened Cases, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a decision of the Workers' Compensation Board, filed May 9, 2018, which ruled that liability did not shift to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.
In August 1987, claimant's father (hereinafter decedent) sustained a heart attack while working for the employer. He filed a claim for workers' compensation benefits that was found to be compensable. He returned to work thereafter, but continued to experience heart problems and sustained a second heart attack in November 1991. Further proceedings were conducted in connection with his claim in the years that followed and, effective November 23, 1997, a Workers' Compensation Law Judge (hereinafter WCLJ) transferred liability for the claim from [*2]the State Insurance Fund to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.
Decedent died of cardiac arrest on March 4, 2016. Claimant, as administrator of his estate, applied for workers' compensation death benefits alleging that decedent's August 1987 heart attack contributed to his death. The Workers' Compensation Board issued a notice indexing the claim against the Special Fund. The Special Fund, in turn, controverted the claim. Following a January 2018 hearing, a WCLJ found prima facie evidence of causally-related death and continued the case. At the next hearing, the Special Fund and the State Insurance Fund each maintained that they were not the carrier responsible for the claim under Workers' Compensation Law § 25-a. The WCLJ ruled, among other things, that the State Insurance Fund was the proper carrier based on the Court of Appeals' decision in American Economy Ins. Co. v State of New York (30 NY3d 136 [2017], cert denied ___ US ___, 138 S Ct 2601 [2018]). The employer and the State Insurance Fund (hereinafter collectively referred to as the carrier) sought review by the Board, asserting that the Special Fund was responsible because liability had previously been transferred to it under Workers' Compensation Law § 25-a. A panel of the Board disagreed and ruled, relying on Workers' Compensation Law § 25-a (1-a) and the decision in American Economy, that Workers' Compensation Law § 25-a liability did not apply to the case and that the Special Fund was not responsible. The carrier appeals.
The carrier argues that the Board's decision is contrary to this Court's ruling in Matter of Misquitta v Getty Petroleum (150 AD3d 1363 [2017]), which was decided after the enactment of Workers' Compensation Law § 25-a (1-a), and holds that the Special Fund remains liable for consequential death claims in situations where the decedent had a compensable workers' compensation claim, liability for which was transferred to the Special Fund prior to January 1, 2014. We have addressed this very same issue in Matter of Verneau v Consolidated Edison Co. of New York, Inc. ( AD3d [decided herewith]) on facts virtually identical to those presented here. For the reasons stated therein, we conclude that Misquitta is controlling and that the Special Fund is liable for claimant's consequential death claim inasmuch as liability had been transferred to it in 1997, well before the January 1, 2014 closure date set forth in Workers' Compensation Law § 25-a (1-a). The decision in American Economy does not dictate a contrary result. Accordingly, the Board's decision must be reversed.
Clark, J.P., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.